10-238-ag
Camara v. Holder

BIA
Sichel, IJ
A095 869 931

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand eleven.

PRESENT:
>       JOSEPH M. McLAUGHLIN,
>       ROBERT A. KATZMANN,
>       PETER W. HALL,
>             *Circuit Judges.*

_____

MAMADOU NEGUE CAMARA,
>       *Petitioner,*

>       v.                                          10-238-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
>       *Respondent.*

_____

FOR PETITIONER:         Ronald S. Salomon, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mamadou Negue Camara, a native and citizen of Guinea, seeks review of a December 28, 2009, decision of the BIA affirming the January 25, 2008, decision of Immigration Judge ("IJ") Helen J. Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Negue Camara*, No. A095 869 931 (B.I.A. Jan. 25, 2008), *aff'g* No. A095 869 931 (Immig. Ct. N.Y. City Sept. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we decline to address Camara's argument that the IJ erred in making an adverse credibility

2

finding because, as the BIA stated, the IJ did not make any such finding. Camara also argues that the agency erred in ignoring background evidence regarding conditions in Guinea. However, there is no indication that the agency ignored any material evidence. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Indeed, the IJ specifically stated that she had reviewed the evidence of country conditions in evaluating Camara's claim.

We nevertheless conclude that the agency erred in its analysis of Camara's claim of past persecution. Camara testified that he was arrested, and later abused, by the Guinean military because he wore a shirt indicating support for the Union for Progress and Renewal ("UPR"), a political opposition party. The IJ stated, without explanation, that Camara did not establish that the arrest occurred and, that if it did occur, the arrest and mistreatment did not constitute past persecution. The BIA further found that Camara did not demonstrate that he was harmed because of political activity. These findings cannot stand.

We have explained that an asylum applicant's burden of proof can be met where the applicant provides "consistent, detailed, and credible testimony," unless corroboration is required by the agency. *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). We further elaborated that, before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290.

In this case, the agency did not make an adverse credibility finding, and so we assume *arguendo* that Camara's detailed testimony about his arrest and detention was credible. *Id.* at 288 (finding that whether an applicant is credible "is an assessment that the IJ and then the BIA should make in the first instance" and assuming credibility for purposes of review). Further, the agency did not specify why evidence corroborating Camara's arrest and detention was required under the circumstances present here. Accordingly, assuming his testimony to be credible, Camara

4

established that he was arrested and beaten.

Moreover, *if* the operative events happened as Camara described, the testimony compels the conclusion that Camara was arrested and detained because of either political opinion or imputed political opinion. *See* 8 U.S.C. § 1252(b)(4)(B). While the BIA found that Camara did not establish that he suffered past persecution on account of political opinion, the finding was based on Camara's lack of knowledge about the UPR and his lack of involvement with the group and Guinean politics while in the United States. This finding supports the agency's conclusion that Camara is not a committed UPR activist who, if returned to Guinea, would be involved in politics; it does not, however, address the specific issue of whether Camara was arrested and beaten because of a political opinion or an imputed political opinion.

Camara testified that he and several friends wore UPR t-shirts to signify their support for the party and because Camara's father had been arrested by the Guinean government as a UPR activist. Camara stated that, after a fight started by students who supported the party in power, the military arrested and detained only those students wearing

5

UPR t-shirts.  Camara also testified that the chief in the location where he was detained advised him that, "if [he] ever return[ed] to this kind of trouble about political issues . . . they [would] lock [him] up for the rest of [his] life or kill [him]."  This testimony indicates that Camara was arrested and beaten by the military because of his support for the UPR, *i.e.*, on account of a political opinion.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).  Accordingly, remand is necessary for the agency to consider whether Camara suffered past persecution during this incident.

While the IJ stated that, even if Camara established that he was arrested, the arrest did not constitute past persecution, she did not provide any reasoning for that conclusion.  Persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2005).  The difference between harassment and persecution is one of degree, which must be assessed with regard to "the context in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Accordingly, we have cautioned the agency to be "keenly

sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* at 226; *see also Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009).

Here, Camara testified that he was detained for three days, during which he was beaten with a stick and burnt with cigarettes. Given the detention context, such violent conduct may be said to exceed "the mere annoyance and distress that characterize harassment," and may rise to the level of persecution. *Ivanishvili*, 433 F.3d at 342; *see also Beskovic*, 467 F.3d at 226; *Baba*, 569 F.3d at 85. Nevertheless, "[w]e have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*." *Jian Qiu Li v. Holder*, No. 09-5258-ag, slip op. at 4 (2d Cir. Jan. 24, 2011).

Accordingly, assuming credibility, Camara's testimony may establish that he was persecuted on account of a political opinion. Because an applicant who has established past persecution receives a rebuttable presumption that he has a well-founded fear of future persecution, *see* 8 C.F.R.

7

§§ 1208.13(b)(1), 1208.16(b)(1), we vacate the agency's opinion and remand for further consideration of Camara's claim of past persecution based on his own or an imputed political opinion and for consideration of whether the government can rebut a presumption of future persecution if in fact the agency finds past persecution. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (remanding for consideration in the first instance of matters entrusted to the agency by statute).

We also vacate the agency's finding that Camara did not establish his eligibility for CAT relief because the agency's analysis was premised in part on its conclusion that Camara did not establish that he was arrested and abused in Guinea. In evaluating his claim for CAT relief, the agency should properly determine whether Camara established that he suffered past torture in Guinea and, if so, whether that mistreatment indicates that he faces a likelihood of torture if he is removed. *See* 8 C.F.R. § 1208.16 (c)(3)(i) (providing that the agency shall consider "[e]vidence of past torture inflicted upon the applicant" in evaluating claims for CAT relief).

For the foregoing reasons, the petition for review is

GRANTED, and the case REMANDED for further proceedings consistent with this order.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```